IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **SPRINGFIELD LANDMARKS** | ) | Case No. 10-63128-11 |
| **PRESERVATION TRUST,** | ) | |
| | ) | |
| **Debtor.** | ) | |

## RESPONSE TO DEBTOR'S MOTION
## FOR AUTHORITY TO EMPLOY APPRAISER

**COMES NOW** Creditor Guaranty Bank (the "Bank"), by counsel, and states the following in response to Debtor's Motion for Authority to Employ Appraiser:

1.  Debtor Springfield Landmarks Preservation Trust ("SLPT") filed its Chapter 11 Petition herein on December 30, 2010.

2.  On that same date, Debtor Gillioz Restoration Partnership LP ("GRP") filed an affiliated Chapter 11 Petition in Case No. 10-63130.

3.  On February 9, 2011, the Court entered an order directing the joint administration of these affiliated cases, pursuant to Bankruptcy Rule 1015(b).

4.  SLPT has filed a motion for authority to employ an appraiser to value property known as the Gillioz Theatre and the Jim D. Morris Building (the "Motion").

5.  The Bank does not oppose the Motion, but the Bank does request that any order granting the Motion be conditioned on a requirement that the appraiser not be paid with funds representing cash collateral in which the Bank holds a security interest.

6. SLPT and GRP both executed a certain Amended and Restated Leasehold Deed of Trust and Security Agreement with Subordinated Fee Interest (the "Deed of Trust").[1]

7. Pursuant to the Deed of Trust, GRP granted the Bank a lien against all rents and accounts, among other things.

8. As established at the hearing on the Bank's Motion to Dismiss or, in the Alternative, for Relief from the Automatic Stay, there is no equity in the property.

9. Newly generated rents do not constitute adequate protection of the Bank's interest in the rents. *See*, In re Buttermilk Towne Center, LLC, 2010 WL 5185870 (6th Cir.BAP (Ky.)).

10. Without such an equity cushion, Debtors should not be allowed to use rents or other cash collateral to pay such non-operating costs as the employment of an appraiser.

WHEREFORE, for the foregoing reasons, Guaranty Bank respectfully requests that any order granting the Debtor's Motion for Authority to Employ Appraiser be conditioned on a requirement that the appraiser not be paid with funds constituting cash collateral in which the Bank holds a security interest.

---

[1] The Deed of Trust was recorded in Book 2007 at Page 21927-07 in the office of the Greene County, Missouri, Recorder of Deeds; and the related UCC Financing Statements were filed with the Missouri Secretary of State and with the Recorder of Deeds. Copies of those documents were filed as Exhibits C and D, attached to the Bank's Motion to Dismiss or, in the Alternative, for Relief from the Automatic Stay, filed herein.
.

**Husch Blackwell LLP**

/s/ J. Michael Bridges
J. Michael Bridges     #41549
901 St. Louis St., Suite 1800
Springfield, MO 65806
Telephone: 417-268-4000
Facsimile: 417-268-4040
E-mail: michael.bridges@huschblackwell.com
**Attorney for Creditor Guaranty Bank**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically on all creditors, parties in interest or their attorneys of record, according to the Court's notice of electronic filing and that a copy was served by regular mail, postage prepaid, to those parties that have requested notice but are not participating in the ECF system, pursuant to instructions appearing on the electronic filing receipt received from the U.S. Bankruptcy Court on March 3, 2011.

/s/ J. Michael Bridges
Attorney