IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| SPRINGFIELD LANDMARKS | ) |
| PRESERVATION TRUST | ) |
| | ) |
| Debtor. | ) Case No. 10-63128-11-ABF-11 |

**JOINT CHAPTER 11 PLAN OF REORGANIZATION
FOR SPRINGFIELD LANDMARKS PRESERVATION TRUST
and GILLIOZ RESTORATION PARTNERSHIP, LP**

ARTICLE I

Introduction and Summary

1.01.   SPRINGFIELD LANDMARKS PRESERVATION TRUST ("SLPT") and GILLIOZ RESTORATION PARTNERSHIP, LP ("GRP") Debtors herein or sometimes referred to herein collectively as the Debtor, hereby present and propose the following Plan of Reorganization (hereinafter the "Plan") to its Creditors pursuant to Section 1121(a) of Chapter 11.  This is a reorganization or rearrangement Plan.  The Plan contemplates the Debtors will continue their operations in accordance with the terms provided below as further explained or provided in the Disclosure Statement and therefore this Plan should be read in conjunction with the Disclosure Statement.

1.02    This Plan proposes to pay all or a portion of the claims of Creditors of SLPT and GRP from cash flow and future income from future operations in the ordinary course of Debtprs continued business operations. This Plan provides for one (1) class of secured claims, one class of unsecured claims, and one class of equity security holders.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued as an aggregate cash payment of $0.05 for each dollar (5%) of each allowed claim, provided, however, that the aggregate amount of all payments so distributed to holders of allowed general unsecured claims shall not exceed $150,000.00 (in which case each holder of allowed general unsecured claims shall receive the holders prorata share of $150,000.00).  This Plan also provides for the payment of administrative and priority claims in full on the effective date or to the extent permitted by the code or any agreement with the claimant. All members of any class, creditor, or claimant should refer to Articles III-IV of this Plan for information regarding the precise treatment of their claim.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult one.)**

1.03.   Effective Date of Plan. The effective date of the Plan shall be the first day exclusive of a Saturday, Sunday or Federal legal holiday following the 30th day after an order of the Bankruptcy Court confirming the Plan has become a final order, not subject to appeal, or if a notice of appeal has been filed with respect thereto, not stayed by any order of the Court having jurisdiction to stay such order confirming the Plan.

## ARTICLE II

### Definitions and Rules of Interpretation

2.01.   Definitions.   In addition to such other terms as are defined in other sections of the Plan, certain terms shall have the meanings defined herein or the definitions of those certain terms as those terms appear in Schedule 2.01 attached hereto and incorporated herein.  Any term that is not otherwise defined, but that is used in the Bankruptcy Code or Bankruptcy Rules, will have the meaning given to that term in the Bankruptcy Code or Bankruptcy Rules, as applicable.

2.02.   Interpretation.   The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.  The rules of construction contained in Section 102 of the Bankruptcy Code shall apply to the construction of the Plan.  The provisions of the Plan shall control over the provisions of any other agreement or document and over any descriptions thereof contained in the Disclosure Statement, other than the confirmation order, created in connection with the Plan, as an adjunct or supplement thereto, or required thereby.  In computing any period of time prescribed or allowed by the Plan, unless otherwise expressly provided, the provisions of Bankruptcy Rule 9006(a) shall apply.

## ARTICLE III

### Classification, Treatment of Claims, Manner of Payment

3.01.   Explanation of Classification and Treatment.   For purposes of organization, voting, distribution, and all Plan confirmation matters, except as otherwise provided herein, all claims and all equity interests shall be classified as set forth in this Article III of the Plan.  A claim or interest shall be deemed classified in a particular class only to the extent that the claim or interest qualifies within the description of that class and shall be deemed classified in a different class to the extent that any remainder of such claim or interest qualifies within the description of such different class.  Notwithstanding anything to the contrary contained in this Plan, no distribution shall be made on account of any claim which is not an allowed claim. Any dispute with respect to classification of claims or equity interests shall be resolved by the Bankruptcy Court.

**All claims, as defined herein and by Section 101(5) of the Bankruptcy Code, against the Debtor, of whatever nature, whether or not scheduled or unliquidated, absolute or contingent, including all claims arising from the rejection of executory contracts, and all interests arising from the ownership of the Debtor, whether resulting in an allowed claim or not, shall be bound by the provisions of this Plan.  Except as otherwise provided in this Plan or the confirmation order, the rights afforded under the Plan and the treatment of claims and interests under the Plan shall be in exchange for and in complete satisfaction of all claims against the Debtor and the estate to the fullest extent available under the Bankruptcy Code:**

For purposes of the Plan, the claims and interests against the Debtor are divided into unclassified claims or classified claims.  Classified claims are further subdivided into allowed priority unsecured claims, secured claims, allowed unsecured claims, allowed unsecured subordinate claims or interests, and allowed equity interests.  In accordance with Bankruptcy Code Section 1123(a)(1), administrative claims and priority

tax claims are not classified under the Plan. Instead, the treatment of administrative claims and priority tax claims shall be termed "unclassified claims" with the treatment of each claim otherwise specified in the Plan.

### 3.02. Unclassified Claims–Administrative Claims and Priority Tax Claims.

(a) Undisputed Post-Petition Claims. Liabilities incurred by the Debtor in the ordinary course of business during the Chapter 11 case and that are not disputed by the Debtor shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto.

(b) Professional Fee Claims. All final requests for compensation or reimbursement for professionals pursuant to applicable sections of the Bankruptcy Code for services rendered prior to the effective date shall be filed prior to Debtor securing a final decree and the Chapter 11 case being closed. All allowed claims of such professionals shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto.

(c) Statutory Bankruptcy Trustee Fees. Debtor or the reorganized Debtor will timely pay quarterly fees assessed under 28 U.S.C. 1930(a)(6) until the case is closed by entry of a final decree pursuant to Bankruptcy Rule 3022.

(d) Priority Tax Claims. Priority tax claims are unsecured income, employment and other taxes described by Bankruptcy Code Section 507(a)(8). Unless the holder of Bankruptcy Code Section 507(a)(8) priority tax claims agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding five (5) years from the Order of relief. As of the date of publication of Debtor's Plan the Internal Revenue Service filed a proof of claim which in part asserts an unsecured priority claim in the amount of $4,639.00. Debtor believes this claim may be objectionable for reasons included but not limited to the fact that the claim is estimated based upon unassessed and no returns being filed for certain taxable periods. Debtor reserves the right to file an objection to the proof of claim. The total claim, as said claim is found to be valid, shall be paid in full with accrual of interest at the interest rate that is applicable under non-bankruptcy law with payments to be made in regular installment payments not exceeding sixty (60) months from the petition date less the number of months that have passed since the petition date to the effective date of the plan with the first payment payable on the first month following the effective date of the Plan and continuing thereafter until the claim is paid. Debtor reserves the right to prepay any claim without penalty.

### 3.03. Classified Claims.

(i) Class 1 – Guaranty Bank – Secured Claim. This class consists of the claims of Guaranty Bank represented by a Promissory Note executed by GRP in the original principal amount of $4,300,000.00 as subsequently amended with a Fifth Amendment to Amended and Restated Promissory Note in the amount of $5,300,000.00 executed on March 10, 2008 together with a Secured Guarantee Agreement pursuant to which SLPT guaranteed GRP obligations under the Note and Amended and Restated Leasehold Deed of Trust and Security Agreement recorded in the office of Greene County, Missouri, whereby SLPT, GRP, and Netters-Gillioz, Inc. granted Guaranty Bank a first position security interest in their respective interests in the theatre buildings located at 325 Park Central East, Springfield, Missouri and related personal property. The aforedescribed documents are herein collectively referred to

as "Loan Documents". As of the bankruptcy petition date there was due and owing to Guaranty principal in the amount of $3,650,491.00. Within these proceedings Guaranty Bank has also asserted additional sums are due and owing under the provisions of the loan documents consisting of interest, late charges, fees and costs totally an additional $1,039,449.00. For purposes of Plan treatment the claims of Guaranty Bank shall be bifurcated into two (2) separate claims representing a secured claim in the amount of $2,000,000.00 representing Debtors opinion of the value of all collateral pledged and security for the claims of Guaranty Bank and an unsecured or undersecured claim in the amount of $2,689,940.00. On the effective date of the Plan the secured principal balance shall be represented by a Substituted Note in the aggregate amount of $2,000,000.00 which sum shall be amortized over a term of twenty-five (25) years to bear interest at the rate of 5.0% per annum payable in monthly installments of principal and interest due on the 15th day of each month commencing with the first month following the effective date of the Plan and on the 15th day of each month thereafter until paid in full. The monthly principal and interest payments shall be calculated by amortizing the principal balance over the stated period of years at the stated interest rate. The loan documents, except as otherwise specifically amended to set forth the intent and effect of the reorganization plan, shall remain in full force and effect. Guaranty shall retain its lien in the same priority and extent over the respective lien of any competing secured creditor and to the extent that each had on the date of the filing of the bankruptcy petition for relief however said lien shall be limited to the restated principal claim. The Debtors and all co-obligors or guarantors to loan documents agree to execute any further documents, including any renewals or modifications of the loan documents, reasonably necessary to incorporate the modified terms and provisions stated herein. The undersecured or unsecured portion of the remaining indebtedness shall be deemed an unsecured claim and accorded the treatment of an unsecured claim within the unsecured class of Debtors Chapter 11 Plan of Reorganization and paid in accordance with any Order of Confirmation.

(ii)     **Class 2 – City of Springfield (Second Deed of Trust).** This class consists of any and all secured or unsecured claims asserted by the City of Springfield. Debtors assert within these proceedings the market value of the collateral is less than the priority mortgage holder Guaranty Bank and therefore the claims of the City of Springfield are all undersecured and unsecured and all claims shall be treated as general unsecured claims and accorded the treatment of such class as otherwise provided to the Plan.

(iii)    **Class 3 - General Unsecured Non-Priority Claims Against The Debtor Including Disputed or Estimated Claims.** This class of claims represent creditors holding unsecured non-priority claims and disputed or estimated claims. The members of this class and the status of each member's claim was previously set forth in the tables below.

**IDENTIFICATION OF GENERAL UNSECURED CLAIMS OF SLPT**

| CREDITOR | AMOUNT SCHEDULED | OBJ CODE C=CONTINGENT U-UNLIQ. D=DISPUTED | IF POC FILED, CLAIM # | AMOUNT CLAIMED BY CREDITOR | BASIS FOR PRORATA DISTRIBUTION |
|---|---|---|---|---|---|
| ELISE CRAIN | $133,474.95 | U | 1 | $133,474.95 | |
| JIM D. MORRIS | $ 15,000.00 | U | | | |
| PHILIP ROTHSCHILD | $  5,000.00 | U | | | |
| CITY OF SPRINGFIELD | N/A | U | 3 | $ 13,789.39 | |
| INTERNAL REVENUE SERVICE | N/A | D | 2 | $ 10,861.00 | |
| | | | | | |
| **SUB-TOTAL** | | | | | **$178,124.95** |

**IDENTIFICATION OF GENERAL UNSECURED CLAIMS OF GRP**

| CREDITOR | AMOUNT SCHEDULED | OBJ CODE C=CONTINGENT U-UNLIQ. D=DISPUTED | IF POC FILED, CLAIM # | AMOUNT AMOUNT CLAIMED BY CREDITOR | BASIS FOR PRORATA DISTRIBUTION |
|---|---|---|---|---|---|
| BRYAN CAVE LLP | $ 13,827.00 | U | | | |
| DEWITT & ASSOCIATES | $ 116,053.60 | U | | | |
| DUNTON & ASSOCIATES, LLC | $ 56,748.26 | U | | | |
| NIXON PEABODY | $ 4,061.50 | U | | | |
| UNITED WAY | $ 27,000.00 | U | 1 | $ 27,350.00 | |
| GUARANTY BANK (undersecured) | $2,689,940.00 | D | | | |
| | | | | | |
| SUB-TOTAL | | | | $ 27,350.00 | **$2,907630.36** |

| **TOTAL COMBINED CLAIMS:** | **$3,085,753.31** |
|---|---|

Holders of allowed claims in this class shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for each such allowed general unsecured claim, an aggregate cash payment of approximately $0.05 for each dollar (5%) of such allowed claim provided, however, that the aggregate amount of all payments so distributed to holders of allowed general unsecured claims shall not exceed $150,000.00 (in which case each holder of allowed general unsecured claims shall receive the holders prorata share of $150,000.00). The prorata share payments shall be distributed annually over a five (5) year period with the first distribution to be on the 15th day of the month of July 2012, and continuing annually on the same day of each month until all distributions are made. Debtor reserves the right to prepay this class. Should Debtor prepay any payments, Debtor shall receive correlating credit toward any future required payment. Debtor shall be the Plan administrator and disbursing agent and shall make such interim distributions to the holders of class claims, on a prorata basis, on or before the date due and continuing thereafter during the distribution period until the claimants receive the treatment afforded them in this class.

**(iv)    Class 4- Interests of Shareholders and Partners**. The Plan contemplates that the interests of all shareholders and/or partners of the Debtors arising from their equity interest, and all rights to acquire any such interest in the Debtors outstanding immediately prior to the effective date, and all other rights and interests thereunder shall remain unaltered with the exception that no property shall be distributed to or retained by or on account of such allowed interest until and unless all obligations under the Plan have been performed.

## ARTICLE IV

Designation of Impaired and Unimpaired Classes

4.01.    <u>Unimpaired Classes.</u>  Upon information and belief Debtor asserts that there are not any classes of claims or interests which are unimpaired (classes or claims which shall receive cash in the amount of such allowed claim as soon as is practical on or after the effective date or alternatively their legal, equitable, and contractual rights remain unaltered under the Plan and, therefore, such holders are not impaired under the Plan).

4.02.    <u>Impaired Classes.</u>  All claims or interests classified within Debtor' Plan may be considered

impaired within the meaning of the Bankruptcy Code Section 1124 but Debtor seeks confirmation of the Plan pursuant to 11 U.S.C. Section 1129(b) on the basis that the holders of these claims are being treated fairly and equitably in the Plan, as all impaired classes of claims shall receive the distribution set forth in Article III above, on account of and in complete satisfaction of all such allowed claims.

4.03.   <u>Non-Consensual Confirmation.</u>   The Plan may be confirmed even if not accepted by all impaired classes if at least one impaired class of claims has accepted the Plan, the Plan does not "discriminate unfairly" and is "fair and equitable" as to the dissenting class(es).  In the event that any impaired class of claims does not accept the Plan in accordance with Bankruptcy Code Section 1126, the Debtor reserves and hereby requests the Court confirm the Plan in accordance with Bankruptcy Code Section 1129(b).

## ARTICLE V

### Treatment of Executory Contracts and Unexpired Leases

5.01. <u>Executory Contracts and Unexpired Leases.</u>  Debtor's assumption of Debtor's contracts and unexpired leases as set forth below are subject to the same rights as the Debtor may have to modify and/or terminate the agreements under applicable non-bankruptcy law.  As of the confirmation date, any executory contract or unexpired lease that has not been previously assumed by Order of the Bankruptcy Code or not the subject of a motion filed by the Debtor and that is not designated as being assumed herein shall be deemed rejected.  Damages resulting to the other party from a rejection shall be treated as an unsecured claim arising prior to the petition date and included in the appropriate class to the extent any such claim is allowed by the Bankruptcy Court.

Any claim for rejection shall be forever barred and shall not be enforceable against the Debtor unless a proof of claim is filed with the Clerk of the Bankruptcy Court and served upon counsel to the Debtor within 60 days after the effective date.

Debtor affirmatively assumes the executory contracts with the following parties:

a. SLPT Lease with Netters Gillioz, Inc. (75 Year Master Lease, 317 and 325 Park Central East)
b. GRP SubLease with Netters Gillioz, Inc. (75 Year Master Lease, 317 and 325 Park Central East)
c. SLPT Lease with DBD Gourmet, Inc. (2nd Floor, 317 Park Central East)
d. SLPT Lease with Ozarks Technical Community College (3rd Floor, 317 Park Central East)
e. GRP Lease with Lucid Entertainment, LLC (1st Floor, 317 Park Central East)
f. SLPT/GRP Executory Contract with Community Foundation of the Ozarks re "Save the Gillioz Fund"
g. SLPT/GRP Line of Credit Borrowing Through Fund of Community Foundation of the Ozarks

## ARTICLE VI

### Distributions on Claims and Interests

6.01.   <u>Distributions by Reorganized Debtor.</u>   The reorganized Debtor shall assume the obligation and have the duty to make distributions in accordance with the Plan.  The reorganized Debtor may settle any action or claim requiring a payment or employ such other procedures as are necessary to perform its duties under the Plan.

6

6.02. <u>Prorata Share Distributions.</u> The prorata share of any cash or assets to be distributed to or for the benefit of the holder of an allowed claim in any class of claims under the Plan shall be distributed as set forth in Article III. Section 3.03 of the Plan. No payment or distribution shall be made with respect to any claim to the extent it is a disputed claim unless and until all objections to such disputed claim are resolved and such disputed claim becomes an allowed claim. An initial distribution shall be made on the initial distribution date, with reserve distribution amounts established in the aggregate amount that would be distributable to disputed claims. If and when disputed claims in the class become disallowed claims, then the prorata share to which each holder of an allowed claim in such class is entitled shall increase commensurately. The reorganized Debtor shall have the right to make an application to the Bankruptcy Court for an estimated claims order, which will estimate the aggregate amount of disputed claims for purposes of calculating distributions to the holders of allowed claims in the various classes of creditors.

6.03. <u>Delivery of Distributions in General.</u> Distributions to holders of allowed claims shall be made: (a) at the addresses set forth in the proofs of claim filed by such holders; (b) at the addresses set forth in any written notices of address change delivered to the reorganized Debtor after the date on which any related proof of claim was filed; or (c) at the addresses reflected in the schedules relating to the applicable claim if no proof of claim has been filed and the reorganized Debtor has not received a written notice of the change of address.

6.04. <u>Undeliverable Distributions or Failure to Claim Distributions.</u> If the distribution to any holder of an allowed claim is returned to the reorganized Debtor as undeliverable, or if any holder fails to accept, negotiate, or cash any distribution, no further distribution shall be made to such holder unless and until the reorganized Debtor is notified in writing of such holder's then current address or reason for failure to claim, accept, or cash the distribution. Any holder of an allowed claim that does not assert a claim for an undeliverable or unaccepted distribution within one year after the date on which the distribution is returned or not accepted shall have its claim discharged and shall be forever barred from asserting any such claim against the reorganized Debtor or their property.

## ARTICLE VII

Procedures for Resolving Disputed, Contingent, or Unliquidated Claims

7.01. <u>Allowance of Claims or Interests.</u> Except as expressly provided herein, no claim or interest shall be deemed allowed by virtue of the Plan, confirmation of the Plan, or any order of the Bankruptcy Court in the reorganization case, unless and until such claim or interest is deemed allowed under the Bankruptcy Code or the Bankruptcy Court enters a final order in the reorganization case allowing such claim or interest. Unless an earlier time is set by Order of the Bankruptcy Court, all objections to claims and interests shall be filed with the Bankruptcy Court and served upon the holders of each of the claims and interests to which objections are made within thirty days after the effective date of the Plan.

7.02. <u>Treating Disputed Claims.</u> Debtor shall file all objections to claims and interests within ninety (90) days after the effective date of the Plan. If an objection has not been filed to a proof of claim or a scheduled claim by such date, the claim to which the proof of claim or scheduled claim relates shall be treated as an allowed claim if such claim has not been previously allowed. Objections to claims shall be filed with the Bankruptcy Court and served upon the holders of each claim to which objections are made on or before the claims objection bar date with respect to such claim. After the date of entry of the

confirmation order, the reorganized Debtor shall have the authority to (1) file, litigate to final judgment, settle, or withdraw objections to disputed claims, (2) file proof of claims on behalf of creditors who do not file claims within the period set for doing so pursuant to Bankruptcy Rule 3004, and (3) litigate to final judgment, settle, or withdraw objections to claims filed pursuant to Bankruptcy Rule 3004.  No payment or distribution shall be made with respect to any claim to the extent it is a disputed claim unless and until all objections to such disputed claim are resolved and such disputed claim becomes an allowed claim.  The Debtor may also make an application to the Bankruptcy Court for an estimated claims order, which will estimate the aggregate amount of disputed claims for purposes of calculating distributions to the holders of allowed claims in the various classes of creditors.

## ARTICLE VIII

Provisions For the Execution and Implementation of the Plan

8.01.    Vesting of Property of the Estate.   Debtor shall retain all rights and powers as set forth in 11 U.S.C. Section 1123(a)(5)(A)-(J).  Except as otherwise provided in any provision of the Plan, agreements entered into in connection therewith, or the confirmation order, on the effective date all property of the Debtor's estate shall revest in the reorganized Debtor, free and clear of all claims, liens, encumbrances and other interests of any entity and the reorganized Debtor may thereafter operate his affairs and may use, acquire and dispose of property without the supervision or approval of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code within those restrictions expressly imposed by the Plan or the confirmation order or agreements entered into in connection therewith.

8.02.    Execution of Documents Necessary for Effectuation of Plan.   Following confirmation the reorganized Debtor shall execute such documents and take such other action as is necessary to effectuate the transactions provided for in the Plan.  The reorganized Debtor shall be authorized to take any action described or contemplated hereunder on behalf of all holders.

8.03.    Preservation of Rights of Action.   Except as otherwise provided in the Plan or any contract, instrument, release or other agreement entered into in connection with the Plan, in accordance with Bankruptcy Code Section 1123(b)(3)(B) the reorganized Debtor shall retain and may enforce any claims, rights and causes of action that the Debtor or its estate may hold against any entity, including claims and causes of action arising under Bankruptcy Code Sections 542 through 553.

8.04.    Waivers and Releases.  Except as otherwise expressly provided in this Plan or the confirmation order any contract, instrument, release or other agreement entered into in connection with the Plan, the rights afforded under the Plan and the treatment of claims and interests under the Plan shall be in exchange for and in complete satisfaction of all claims against the Debtor and the estate to the fullest extent available under the Bankruptcy Code.  As of the effective, all entities that have held, currently hold or may hold a claim that is satisfied or interest that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any actions against the Debtor or the reorganized Debtor, its successors or its property on account of any such satisfied claims or terminated interests.

  8.05.  <u>Modification of the Plan</u>.  The Debtor reserves the right to alter, amend, or modify the Plan, subject to the restrictions on Plan modifications as set forth in Bankruptcy Code Section 1127.  Any holder of a claim or interest that has accepted or rejected a Plan is deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the Court, such holder changes such holder's previous acceptance or rejection.

**ARTICLE IX**

<u>Retention of Jurisdiction</u>

  9.01.  <u>Retention of Jurisdiction.</u>   Notwithstanding the entry of the confirmation order and the occurrence of the effective date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 case after the effective date as is legally permissible, including jurisdiction to:

  (a)  allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any claim or interest and the resolution of any and all objections to the allowance or priority of claims, interests, and administrative claims;

  (b)  resolve any matters relating to the assumption, assignment or rejection of any executory contract or unexpired lease to which the reorganized Debtor is a party or with respect to which the Debtor may be liable, including without limitation the determination of whether such contract is executory for the purposes of Bankruptcy Code section 365 and hear, determine and, if necessary, liquidate any claims arising therefrom;

  (c)  enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents, created in connection with the Plan, the Disclosure Statement or the confirmation order;

  (d) permit the Debtor or the reorganized Debtor, to the extent authorized pursuant to Bankruptcy Code Section 1127, to modify the Plan or any agreement or document created in connection with the Plan, or remedy any defect or omission or reconcile any inconsistency in the Plan or any agreement or document created in connection with the Plan;

  (e) issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation, implementation or enforcement of the Plan or the confirmation order;

  (f) enter and enforce such orders as are necessary or appropriate if the confirmation order is for any reason modified, stayed, reversed, revoked or vacated, or distributions pursuant to the Plan are enjoined or stayed;

  (g) determine any other matters that may arise in connection with or relating to the Plan or any agreement or document created in connection with the Plan;

  (h) enter any orders in aid of prior orders;

      (i) enter an order concluding the Chapter 11 case.

Dated: May 3rd, 2011

                                           DAVID SCHROEDER LAW OFFICES, P.C.

                                BY: /s/ David E. Schroeder
                                        David E. Schroeder         #32724
                                        1524 East Primrose, Suite A
                                        Springfield, Missouri, 65804
                                        Telephone (417) 890-1000, Fax (417) 886-8563
                                        E-Mail: bk1@dschroederlaw.com
                                        ATTORNEY FOR DEBTOR

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System, pursuant to instructions appearing on the electronic filing receipt received from the U.S. Bankruptcy Court, on this 3rd day of May, 2011.

                                          /s/David E. Schroeder
                                          David E. Schroeder

SCHEDULE "2.01"

**SCHEDULE OF DEFINITIONS**

Allowed Claim: Shall mean, with respect to a claim or interest, any such claim or interest to the extent that: (a) such claim or interest has been allowed or deemed allowed pursuant to the entry of a final order by the Bankruptcy Court; and, in any such case, as to which no objection to the allowance thereof has been interposed on or before the effective date or such other applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or as to which any objection has been determined by a final order of the Bankruptcy Court to the extent such objection is determined in favor of the respective holder or as to which any such objection has been settled by the parties thereto to the extent the claim has been liquidated and to the extent of all necessary approvals of such settlement.

Assets: Shall mean all assets of the Debtor, of any nature whatsoever, including claims of right, interests and property, real and personal, tangible and intangible.

Bankruptcy Code: Means Title I of the Bankruptcy Reform Act of 1978, as amended from time to time, as set forth in Title 11 of the United States Code, and applicable portions of Titles 18 and 28 of the United States Code, each as amended from time to time, and as in effect with respect to the reorganization case.

Bankruptcy Court: Means the United States Bankruptcy Court for the Western District of Missouri.

Claim: Means a claim against the Debtor as such term is defined in Section 105(5) of the Bankruptcy Code.

Claim Holder or Claimant: Means the holder of a claim.

Class: Means one of the classes of claims or interests established under the Plan pursuant to Section 1122 of the Bankruptcy Code.

Confirmation: Means the entry of an order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

Contingent Claim: Means a claim that has not accrued and which is dependent upon a future event which may never occur.

Creditor: Means any holder of a claim.

Disputed Claim: Means a claim or interest, respectively, as to which a proof of claim or interest has been filed or deemed filed and as to which an objection has been or may be timely filed. Prior to the time that an objection has been or may be timely filed, for the purposes of the Plan, a claim or interest shall be considered a disputed claim or disputed interest, respectively, (a) if the amount of the claim or interest specified in the filed proof of claim exceeds the amount of the claim or interests scheduled by the Debtor as other than disputed, contingent or unliquidated; (b) if the priority of the claim specified in the filed proof of claim is of a more senior priority than the priority of the claim scheduled by the Debtor; (c) if the claim or interest has been scheduled as disputed, contingent or unliquidated or as being in the amount of $0.00; or (d) if the claim or interest has not been scheduled.

Pro Rata: Means proportionately so that the ratio of the amount of consideration distributed on account of a particular allowed claim to the amount of the allowed claim is the same as the ratio of the amount of consideration distributed on account of all allowed claims of the class or classes that share in the consideration being distributed at the time to the amount of all allowed claims of that class or those classes that share in the consideration being distributed at that time.

<u>Reorganized Debtor:</u>    Means SPRINGFIELD LANDMARKS PRESERVATION TRUST ("SLPT") and GILLIOZ RESTORATION PARTNERSHIP, LP ("GRP"), their successor, assign, or designee, in its capacity as the exclusive representative of the estate from and after the effective date for the purpose of implementing, administering and consummating the provisions of the Plan on behalf of the estate.

<u>Scheduled:</u>  Means set forth in the schedules of assets and liabilities of a Debtor as the same may be amended or supplemented from time to time.

<u>Schedules of Assets and Liabilities:</u>  Means the schedule of assets and liabilities of Debtor and statement of financial affairs of Debtor filed by the Debtor, as the same have been or may be amended or supplemented from time to time prior to the effective date.

<u>Secured Claim:</u>  Means a claim, including interest, fees and charges to the extent allowable pursuant to Section 506(b) of the Bankruptcy Code, that is secured by a lien on and/or security interest in property in which an estate has an interest, or that is subject to set-off under Section 553 of the Bankruptcy Code, to the extent of the value of the claim holder's interest in an estate's interest in such property, or to the extent of the amount subject to set-off, as applicable, as determined pursuant to Section 506(a) and, if applicable, Section 1129(b)(2)(a)(i)(II) of the Bankruptcy Code.